**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on November 3, 2016**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **CEDRIC CARR,** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1951** |
| **Defendant.** | : | **(Interference with Interstate Commerce** |
| | : | **by Robbery)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(ii)** |
| | : | **(Using, Carrying, Possessing, and** |
| | : | **Brandishing a Firearm During and in** |
| | : | **Relation to a Crime of Violence or a Drug** |
| | : | **Trafficking Offense)** |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and** |
| | : | **Ammunition by a Person Convicted of a** |
| | : | **Crime Punishable by Imprisonment for a** |
| | : | **Term Exceeding One Year)** |
| | : | **21 U.S.C. § 844(a)** |
| | : | **(Simple Possession of a Controlled** |
| | : | **Substance)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C);** |
| | : | **18 U.S.C. § 924(d); 28 U.S.C. § 2461(c);** |
| | : | **and 21 U.S.C. § 853(p)** |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

At all times material to this Indictment Imperial Wine and Spirits located at 620 12th Street,

NW, Washington, D.C., was engaged in selling wine, liquors, spirits and other merchandise in

interstate commerce, and an industry which affects interstate commerce.

On or about October 30, 2017, within the District of Columbia, the defendant, **CEDRIC CARR**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant **CEDRIC CARR**, did unlawfully take and obtain property consisting of approximately $400 in United States currency, from the presence of the employees of Imperial Wine and Spirits located at 620 12th Street, NW, Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Imperial Wine and Spirits, a business that was engaged in and that affects interstate commerce.

> (**Interference with Interstate Commerce By Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWO

On or about October 30, 2017, within the District of Columbia, **CEDRIC CARR**, did unlawfully and knowingly use, brandish, and carry during and in relation to, and possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Count One of this Indictment which is incorporated herein, a firearm, that is, a Jimenez Arms 9mm semi-automatic pistol.

> (**Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence or a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii))

## COUNT THREE

On or about October 30, 2017, within the District of Columbia, **CEDRIC CARR**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2013-CF3-19604, did unlawfully and knowingly receive and possess a firearm, that is, a Jimenez Arms 9mm semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about October 31, 2017, within the District of Columbia, **CEDRIC CARR**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2013-CF3-19604, did unlawfully and knowingly receive and possess a firearm, that is, a Jimenez Arms 9mm semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FIVE

On or about October 31, 2017, within the District of Columbia, **CEDRIC CARR**, did unlawfully, knowingly, and intentionally possess a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

(**Simple Possession of a Controlled Substance**, in violation of Title 21, United States Code, Section 844(a))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).  The United States will also seek a forfeiture money judgment against the defendant in the amount of $400.

2.      Upon conviction of either of the offenses alleged in Counts Two and/or Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Jimenez Arms 9mm semi-automatic pistol and 9mm ammunition.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

      e.        has been commingled with other property that cannot be divided without

difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to 21 U.S.C. § 853(p).

> (**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title
> 18, United States Code, Section 924(d), Title 28, United Sates Code, Section 2461(c), and
> Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.